# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, | ) | |
| CHARLES STEINBERG, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 16-521 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| LIBERTY EYECARE, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DISMISSING CASE

Relator Charles Steinberg ("Relator") brought this False Claims Act claim against Defendants Liberty Eyecare, LLC, Vincent Gamuzza, D.O., Gamuzza, Inc., and John Doe 1-100, on April 27, 2016. (Doc. 1.) The United States was granted several extensions of time to decide whether to intervene in the action, and ultimately gave notice that it would decline to intervene on July 11, 2018. (Doc. 16.) Shortly thereafter, on July 19, 2018, the Court ordered the Complaint be unsealed and served upon Defendants by Relator. (Doc. 17.)

On January 19, 2019, the Court issued an Order to Show Cause as to why Defendants had not been served within 90 days after the Court ordered service be effected. (Doc. 19.) Relator did not respond, but the United States made the Court aware that Relator's counsel had died and no other counsel represents Relator in this action. (Doc. 23.) At that same time, the United States also gave consent to dismissal of this action. (Id.)

On February 19, 2019, the Court issued an Order directing Relator to notify the Court as to whether he had obtained new counsel and intended to proceed with this case. (Doc. 24.) Relator was given until March 11, 2019, to respond and the Court mailed its order to the address

1

listed by Relator in his Complaint. (Id.) Despite the Court's direction that this action would be dismissed if Relator did not respond, the Court has not received any correspondence from Relator.

A district court may dismiss an action *sua sponte* under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to comply with a court order. Adams v. Trustees of New Jersey Brewery Emps. Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994). When doing so, the district court considers the six factors identified in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).

Dismissal is warranted in this case under the Poulis factors regarding Relator's personal responsibility; the willfulness of the conduct; the effectiveness of other sanctions; and the meritoriousness of the claim or defense. Relator has been without counsel for several months, but did not inform the Court or the United States. The Court has no reason to believe that he has made efforts to secure new counsel. Relator must have counsel to pursue this action, and his failure to obtain an attorney is his failure alone. Further, the Court undertook its own efforts to ensure that this failure was willful by hunting through the filings in the case for Relator's contact information, and by giving him notice of his need to obtain counsel and the consequences of a failure to do so. The Court is not persuaded any other sanction would be effective, as Relator is not actively pursuing this case. Finally, the Government's consent to dismissal and decision not to intervene in this action signal to the Court that Relator's claim is likely not a strong one.

\* \* \*

Accordingly, the above-captioned case is **DISMISSED**.

IT IS SO ORDERED.

April 2, 2019                                    /s Cathy Bissoon
                                                 Cathy Bissoon
                                                 United States District Judge

cc (via Electronic Filing):

All Counsel of Record

cc (via U.S. Mail):

Charles Steinberg
150 Walter Road
Sarver, PA 16055